UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELINE HALL,

        Plaintiff,

  v.
                                             Case No. 21-cv-1108-pp

AUTUMN LAKE HEALTHCARE, LLC
and CAMEO ASSISTED LIVING,

        Defendants.

**ORDER APPROVING STIPULATION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE TO SIMILARY STIUATED PERSONS PURSUANT TO 29 U.S.C. §216(B) (DKT. NO. 29)**

      The parties have filed a stipulation to conditionally certify a collective action under the Fair Labor Standards Act by putative collective members against defendants Autumn Lake Health Care LLC and Cameo Assisted Living LLC. Dkt. No. 29. They ask the court to approve a notice to the collective. Id.

      The FLSA permits collective action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). "A collective action under §216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under §216(b) only if they opt in to the action by providing their written consent." Franks v. MKM Oil, Inc., Case No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012) (citing Ervin v. OS

1

Rest. Servs., Inc., 632 F.3d 971, 976 (7th Cir. 2011)). Courts in this circuit "generally employ a two-phase inquiry in determining who is similarly situated and, thus, entitled to notice." Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011). Phase one is conditional certification. "[T]he court will allow notice to be sent if the plaintiff can make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. (citing Adair v. Wis. Bell, Inc., Case No. 08-C-280, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008)). In phase two, which usually occurs after discovery, the defendant files a motion for decertification and "asks the court to determine whether the opt-ins are in fact similarly situated." Adair, 2008 WL 4224360, at *3.

> The parties define the proposed class as:
>
> All hourly paid, non-exempt employees of Cameo Assisted Living, LLC; Cameo Nursing Home, LLC; AJ ALF Operations LLC; and AJ Operations LLC, employed in the state of Wisconsin within two years prior to Court authorization of Exhibit 1.

Id. at 1. The parties have made the required modest factual showing by conditionally agreeing that certification is proper because the putative collective members are allegedly victims of the same unlawful policies. Id. at 2. They assert that the proposed notice will serve the goal of avoiding a multiplicity of suits. Id. at 2, 3.

The court **APPROVES** the parties' stipulation for conditional certification. Dkt. No. 29.

2

The court **ORDERS** that the following class is conditionally certified under 29 U.S.C. §216(b):

> All hourly paid, non-exempt employees of Cameo Assisted Living, LLC; Cameo Nursing Home, LLC; AJ ALF Operations LLC; and AJ Operations LLC, employed in the state of Wisconsin within two years prior to Court authorization of Exhibit 1.

The court **APPROVES** the proposed notice. Dkt. No. 29-1.

The court **ORDERS** that

1. Within fourteen (14) days of this order, the defendants must provide Rust Consulting with the names and last known addresses of all putative collective members.

2. Within twenty-one (21) days of this order, Rust Consulting must cause the notice to be mailed to the putative collective members. The defendants are responsible for and must bear all costs associated with mailing this notice.

3. Distribution of the notice must be limited to a single mailing. Rust Consulting must provide written notice to the parties of the date on which the forms are mailed.

4. Within thirty (30) days after mailing, putative collective members must return their "Consent to Join Form" to Rust Consulting, who must promptly convey the forms to the parties so that the plaintiff's counsel can file them with the court. To be considered timely, a putative collective member's Consent to Join Form must be postmarked thirty (30) days after mailing (during the "Opt-In Period"), unless good cause is shown for their delay.

5. Aside from the single mailing, there will be no additional publication or distribution of the notice—whether online, in print, in person or through any other medium—during the Opt-In Period. The plaintiff's counsel, however, may respond to inquiries from putative collective members and/or Rust Consulting may re-issue the notice to any putative collective member whose original notice was not successfully delivered for any reason.

Dated in Milwaukee, Wisconsin this 30th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**